ELLEN G. FABIAN, ADMINISTRATRIX, D. B. N., C. T. A., ESTATE OF ELIZABETH Y. GALLAUDET v. WALTER W. WALSH, TAX COMMISSIONER

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 68506

Memorandum filed July 15, 1947.

*Curtiss K. Thompson* and *Milton W. Goss*, of New Haven, for the Plaintiff.

*William L. Hadden*, Attorney General, and *Frederick W. Dauch*, Assistant Attorney General, for the Defendant.

MURPHY, J. The plaintiff has appealed from the decree of the Probate Court for the district of Branford finding the transfer of property under a trust created by the decedent to have been intended to take effect in possession or enjoyment after the death of the decedent and therefore taxable.

The trust which was irrevocable was created by Elizabeth Y. Gallaudet, of Pine Orchard on December 27, 1935. The statute which controls its interpretation is § 486c, Cum. Sup. 1935 The trustees were given unlimited discretion to distribute the income of the trust to the creator, her husband or her daughter or to others for their benefit; to accumulate the income and add it to the corpus of the trust and to to turn over all or any part of the corpus to the husband or daughter for certain purposes. The trust was to terminate upon the death of the survivor of the creator and her husband. The remaining trust property was then to be turned over to the daughter, if living, otherwise to her issue.

On March 12, 1942, Mrs. Gallaudet renounced her interest as a beneficiary of the income of the trust. Mrs. Gallaudet was one of the three original trustees. On December 23, 1936, she and one of the other trustees resigned and were succeeded by the husband, Herbert D. Gallaudet and the daughter, Ellen G. Fabian. On June 24, 1944, the husband died and on December 18, 1944, his widow was named to succeed him. She died January 1, 1945.

When the trust was established it consisted of 1600 shares of the common stock of The Alden M. Young Company, a family holding company. Upon the death of the decedent, the Young Company stock still remained in the trust and in addition there were one hundred shares of United Illuminating Company stock, one hundred shares of Torrington Company stock, one $500 U. S. Treasury bond due 1964-69 and one $1000 U. S. Treasury bond due 1966-71. These represented accumulations of income. The Young Company stock was inventoried at $65 per share, a valuation that the tax commissioner contests.

The question involved here is whether the property in the trust at the death of Mrs. Gallaudet is taxable as a transfer of an interest "intended to take effect in possssion or enjoyment at or after the death of the transferor." If the trustees had distri- buted the trust property in accordance with the trust limitations prior to Mrs. Gallaudet's death, this specific question would not concern us.

If Mr. Gallaudet had survived his wife, the daughter would have taken "after" the death of the transferor. As it happened, the wife survived the husband. Paragraph 13 of the trust pro- vides that it terminate "upon" the decease of the survivor. "Upon" as used in the trust is synonymous with "at" as used in the statute. Therefore, whether husband or wife outlived the other, in the absence of full distribution prior to the death of the survivor, there was property, the possession and enjoyment of which was conditioned by the happening of the transferor's death. ". . . the tax applies to tranfers wherein the death of the settlor is a factor in the devolution of the use or enjoyment of the property." *Hackett* v. *Bankers Trust Co.,* 122 Conn. 107, 117.

It is a necessary conclusion that it was the intent of Mrs. Gallaudet, when she created the trust, to have possession or en- joyment of so much of the trust property as remained at the death of the survivor of herself and husband take effect at or after her death. Therefore, it is taxable.

The appeal is dismissed.